UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIMBERLY COX,<br><br>    Plaintiff,<br><br>    v.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 15-cv-02253-BLF<br><br>**ORDER REGARDING FIRST AMENDED COMPLAINT; TERMINATING PENDING MOTIONS AS MOOT**<br><br>[Re: ECF 1, 27, 33, 35, 40] |

On August 3, 2015, plaintiff Kimberly Cox filed a First Amended Complaint ("FAC") in this action. ECF 40. Federal Rule of Civil Procedure 15(a) provides in relevant part as follows:

> (1) Amending as a Matter of Course. A party may amend its pleadings once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Although the Ninth Circuit has not spoken directly on this issue, other courts have reasoned that in a case involving multiple defendants, a plaintiff may amend the complaint as a matter of course with regard to those defendants that have not yet answered or filed a Rule 12 motion. *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007); *French v Farm Bureau Mutual Ins. Co. of Idaho*, No. CV 07-15-MO, 2007 WL 2011191, at *2 (D. Oregon July 6, 2007); *Ramirez v. Silgan Containers*, No. CIV F 07-0091 AWI, 2007 WL 1241829, at *4 (E.D. Cal. Apr. 26, 2007). If the right to amend as a matter of course has been lost, a plaintiff must petition the court for leave to amend, which should be freely given

"when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, all defendants have filed motions to dismiss the original complaint for failure to state a claim: defendant Mortgage Electronic Registration Systems, Inc. ("MERS") filed its motion on June 26, 2015, ECF 27; defendants New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and The Bank of New York Mellon fka The Bank of New York as Trustee for The Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-02 Mortgage Pass-Through Certificates, Series 2005-02 ("BONY") filed their motion on July 20, 2015, ECF 33; and defendant Old Republic Default Management Services ("Old Republic") filed its motion on July 20, 2015, ECF 35. Plaintiff's August 3 amendment to her pleadings is therefore a timely invocation of her right to amend as a matter of course with respect to Shellpoint, BONY, and Old Republic, but untimely as to MERS. Thus, while Plaintiff's FAC moots the motions to dismiss filed by Shellpoint and BONY and Old Republic, it does not moot MERS's motion.

Nevertheless, the Court is left with the practical problem of "multiple versions of the complaint operative against different defendants." *Termini v. Frontier Commc'ns of America, Inc.*, No. CV 08-8042-PCT-JAT, 2008 WL 2783276, at *2 n.4 (D. Ariz. July 16, 2008). Under the present circumstances, the Court construes Plaintiff's FAC as a request for leave to amend the complaint with respect to MERS. Leave to amend under Rule 15(a)(2) is granted with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Given the early stage of this litigation, the Court does not detect any bad faith, undue delay, or unfair prejudice to MERS from allowing Plaintiff to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's request to amend the complaint as to MERS is accordingly GRANTED, and the FAC shall be the operative complaint in this action with respect to all defendants. *Accord Boyd v. Santa Cruz Cnty.*, No. 15-CV-00405-BLF, 2015 WL 3465837, at *4-5 (N.D. Cal. June 1, 2015). The three motions to dismiss filed by the defendants (ECF 27, 33, 35) are TERMINATED as moot.

In granting leave to amend, the Court is not making any determination regarding the adequacy of Plaintiff's FAC. The defendants retain their right to challenge any deficiencies in the FAC that were not addressed on amendment. Furthermore, in recognition of the fact that MERS's fully briefed motion has been mooted by Plaintiff's amendment, the Court will preserve the

October 15, 2015 hearing date *only* as to MERS.  Should MERS intend to file a Rule 12 motion in response to the FAC, it must do so within the time set forth in the Federal Rules of Civil Procedure and may notice the motion to be heard on October 15, 2015 at 9:00 a.m. before the undersigned.

**IT IS SO ORDERED.**

Dated: August 5, 2015

_____
BETH LABSON FREEMAN
United States District Judge