1  KRISTIN L. WALKER-PROBST (State Bar No. 206389)
   klw@severson.com
2  DAVID M. LIU (State Bar No. 216311)
   dml@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Avenue, Suite 700
5  Irvine, California 92612
   Telephone: (949) 442-7110
6  Facsimile: (949) 442-7118

7  Attorneys for Defendant
   OLD REPUBLIC DEFAULT MANAGEMENT
8  SERVICES, a Division of Old Republic National Title
   Insurance Company (erroneously sued as "Old Republic
9  National Title Insurance Company")

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

KIMBERLY COX,

        Plaintiff,

      vs.

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY;   NEW PENN
FINANCIAL, LLC d/b/a SHELLPOINT )
MORTGAGE SERVICING;  THE BANK
OF NEW YORK MELLON CORPORATION
AS TRUSTEE FOR THE) CERTIFICATE-
HOLDERS OF CWMBS INC CHL )
MORTGAGE PASS-THROUGH TRUST
2005-02; ) and, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendants.

Case No. 15-CV-02253-BLF
Hon.: Beth Labson Freeman
Ctrm.: 3 – 5th Fl.

**DEFENDANT OLD REPUBLIC
DEFAULT MANAGEMENT SERVICES'
NOTICE OF MOTION AND MOTION TO
DISMISS FIRST AMENDED
COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(6);
AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**

Hearing:      November 5, 2015
Time:         9:00 a.m.
Courtroom:   3 - 5th Floor

Action Filed:  May 24, 2015
Trial Date:    None Set

## NOTICE OF MOTION AND MOTION TO DISMISS

Please take notice that the hearing on the Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12b(6), by defendant OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, a Division of Old Republic National Title Company to dismiss the First Amended Complaint filed by plaintiff KIMBERLY COX ("Plaintiff"), is set for hearing on Thursday, November 5, 2015, at 9:00 a.m., or as soon thereafter as may be heard, before the Honorable Beth Labson Freeman, in Courtroom 3-5th Floor, located at 280 South First Street, San Jose, California, 95113.

This motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the request to take judicial notice, and all court documents already on file, any opposition filed by Plaintiff and any reply filed by Old Republic in response, and any oral argument or other matters for which the Court make take note.


DATED:  August 20, 2015                    SEVERSON & WERSON
                                           A Professional Corporation


                                           By:  _____
                                                      /s/ David M. Liu
                                                   DAVID M. LIU

                                           Attorneys for Defendant
                                           OLD REPUBLIC DEFAULT MANAGEMENT
                                           SERVICES, a Division of Old Republic National Title
                                           Insurance Company (erroneously sued as "Old Republic
                                           National Title Insurance Company")

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................... 2

III.    STANDARD OF REVIEW ....................................................................... 2

IV.     ARGUMENT ........................................................................................... 3

      A.   The First Claim For Alleged Violation Of 15 U.S.C. § 1635 And 12 C.F.R. § 226.23 Do Not Apply To Old Republic ...................... 3

      B.   Plaintiffs' Second Claim For Fraud Fails Because It Is Not Sufficiently-Pleaded Against Old Republic .................................. 4

      C.   The Third Claim For Alleged Violation Of The California And Federal Fair Debt Collection Practices Acts Fails Against Old Republic ..................... 6

      D.   The Fourth Claim For Alleged Violation Of The Truth In Lending Act Fails Because It Is Not Sufficiently-Pleaded ........................ 7

      E.   The Fifth Claim For Alleged Unfair Competition Fails Because Plaintiff Failed To Allege Standing To Sue And The Claim Is Insufficiently-Pleaded ......... 7

      F.   The Sixth Cause Of Action For Slander of Title Is Not Sufficiently-Pleaded Against Old Republic ................................... 9

      G.   The Seventh Claim For Unjust Enrichment Fails As A Matter Of Law ................ 10

      H.   The Eighth Cause Of Action For Cancellation Of Instruments Fails Because Plaintiff Must Tender The Loan Proceeds To Rescind The Loan ........................ 11

      I.   The Ninth Claim For Quiet Title Fails Against Old Republic Because It Has No Interest In The Property .................................................. 11

V.      CONCLUSION ...................................................................................... 12

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5
*Aguilar v. Bocci,*
    39 Cal.App.3d 475 (1974) ..................................................................................12

6
*Albertson v. Raboff,*
    46 Cal. 2d 375 (1956) .........................................................................................10

7
8
*Alpha & Omega Dev., LP v. Whillock Contracting, Inc.,*
    200 Cal. App. 4th 656 (2011) ..............................................................................9

9
10
*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009) .........................................................................................3

11
*Beall v. Quality Loan Serv. Corp.,*
    2011 WL 1044148 (S.D. Cal. Mar. 21, 2011) ....................................................8

12
13
*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................3

14
15
*California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.,*
    94 Cal. App. 4th 151 (2001) ..............................................................................10

16
*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,*
    20 Cal. 4th 163 (1999) .....................................................................................7, 8

17
18
*Committee on Children's Television, Inc. v. Gen'l Foods Corp.,*
    35 Cal. 3d 197 (1983) ..........................................................................................8

19
20
*Emery v. Visa Int'l Serv. Ass'n,*
    95 Cal.App.4th 952 (2002) ..................................................................................8

21
*Fields v. Legacy Health Sys.,*
    413 F.3d 943 (9th Cir. 2005) ...............................................................................3

22
23
*Flaxel v. Johnson,*
    541 F.Supp.2d 1127 (S.D. Cal. 2008) .................................................................4

24
*Fleming v. Kagan,*
    189 Cal. App. 2d 791 (1961) .............................................................................11

25
26
*Fortaleza v. PNC Fin. Services Group, Inc.,*
    642 F. Supp. 2d 1012 (N.D. Cal. 2009) ..............................................................8

27
28
*In re Glenfed, Inc. Sec. Litig.,*
    42 F.3d 1541 (9th Cir. 1994) ...............................................................................5

*Hall v. Time Inc.*,
  158 Cal. App. 4th 847 (2008).......................................................................8

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*,
  41 Cal.App.4th 1410 (1996).......................................................................10

*Heritage Oaks Partners v. First Am. Title Ins. Co.*,
  155 Cal. App. 4th 339 (2007).......................................................................1

*Hutson v. Am. Home Mortg. Servicing, Inc.*,
  2009 WL 3353312 (N.D.Cal.2009)..............................................................8

*Jacob B. v. County of Shasta*,
  40 Cal. 4th 948 (2007)...............................................................................10

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal. App. 4th 497 (2013).......................................................................4

*Johnson v. First Fed. Bank of California*,
  2008 WL 2705090 (N.D. Cal. 2008)............................................................4

*Kachlon v. Markowitz*,
  168 Cal. App. 4th 316 (2008).......................................................................9

*Khoury v. Maly's of California*,
  14 Cal. App. 4th 612 (1993).......................................................................8

*Lazar v. Superior Court*,
  12 Cal.4th 631 (1996)...............................................................................5

*Lopez v. GMAC Mortgage Corp.*,
  2007 WL 3232448 (N.D. Cal. 2007)............................................................5

*Mangini v. Aerojet-Gen. Corp.*,
  230 Cal. App. 3d 1125 (1991).......................................................................9

*Marina Tenants Assn. v. Deauville Marina Development Co.*,
  181 Cal. App. 3d 122 (1986).......................................................................10

*McBride v. Boughton*,
  123 Cal. App. 4th 379 (2004).......................................................................10

*Melchior v. New Line Prods., Inc.*,
  106 Cal. App. 4th 779 (2003).......................................................................10

*Mix v. Sodd*,
  126 Cal.App.3d 386 (1981).......................................................................12

*Morfin v. Accredited Home Lenders, Inc.*,
  2010 WL 391838 (S.D. Cal. Jan. 26, 2010) ..............................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Morris v. BMW of N. Am., LLC,*
    2007 WL 3342612 (N.D. Cal. 2007).....................................................................5

*Mullis v. United States Bankruptcy Ct.,*
    828 F.2d 1385 (9th Cir. 1987)...............................................................................3

*Pegasus Holdings v. Veterinary Centers of America, Inc.,*
    38 F.Supp.2d 1158 (C.D. Cal. 1998)......................................................................5

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530 (9th Cir. 1984)..................................................................................2

*Ruiz v. Gap, Inc.,*
    540 F.Supp.2d 1121 (N.D. Cal. 2008) ...................................................................8

*Runyan v. Pacific Air Industries,*
    2 Cal. 3d 304 (1970)............................................................................................11

*Saldate v. Wilshire Credit Corp.,*
    686 F.Supp.2d 1051 (E.D. Cal. 2010)....................................................................5

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
    806 F.2d 1393 (9th Cir. 1986)................................................................................5

*Seeley v. Seymour,*
    190 Cal. App. 3d 844 (1987)..................................................................................9

*Shimpones v. Stickney,*
    219 Cal. 637 (1934)..............................................................................................12

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.,*
    983 F. Supp. 1303 (N.D. Cal. 1997) ......................................................................8

*Singh v. Wells Fargo Bank, N.A.,*
    2009 WL 2365881 (N.D. Cal. 2009).......................................................................8

*Slusher v. Buckley,*
    174 Cal. App. 2d 324 (1959)..................................................................................9

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001)..................................................................................3

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007)..................................................................................6

*Swierkiewicz v. Sorema N.A.,*
    534 U.S. 506 (2002) ...............................................................................................3

*Tarmann v. State Farm Mut. Auto. Ins. Co.,*
    2 Cal.App.4th 153 (1991).......................................................................................5

*Vogan v. Wells Fargo Bank, N.A.*,
   2:11-CV-02098-JAM, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011).........................................1

*In re Worlds of Wonder Sec. Litig.*,
   694 F.Supp. 1427 (N.D. Cal. 1988) ........................................................................................5

**Statutes**

Cal. Bus. & Prof. Code § 17200 ...............................................................................................7

Cal. Civ. Code § 1788.1(c) .......................................................................................................6

Cal. Civ. Code §§ 1788.10 to 1788.13 .....................................................................................6

Cal. Civ. Code § 2934a(d) ........................................................................................................4

Cal. Civ. Proc. Code § 760.010(a) ..........................................................................................11

Cal. Civ. Proc. Code § 760.020(a) ..........................................................................................11

Cal. Civ. Proc. Code § 761.020(a)-(b) ....................................................................................12

Cal. Civ. Proc. Code § 761.020(c)-(d) ....................................................................................12

Civ. Code § 1691(b) ................................................................................................................11

Civ. Code §2924(d)(1) ..............................................................................................................9

**Other Authorities**

12 C.F.R. § 226.2(a)(17) ...........................................................................................................3

Fed. R. Civ. P. 12(b)(6) .............................................................................................................2

Fed. R. Civ. P. 81(c) .................................................................................................................5

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3        Plaintiff Kimberly Cox's first amended complaint ("FAC") alleges that defendants are

4 attempting to enforce loan obligations on a non-existent loan and that, in any event, plaintiff

5 rescinded the non-existent loan.  Plaintiff asserts throughout her FAC that certain of the

6 defendants "never existed" and, thus, could not make the loan, enforce its terms or foreclose.

7 Tellingly, instead of filing an action for fraud or for declaratory relief to expunge the allegedly

8 fraudulent deed of trust and the subsequent foreclosure documents, plaintiff filed an action for

9 alleged lending, servicing and foreclosure violations.  None of these claims should survive Old

10 Republic's motion to dismiss.

11        First and foremost, a trustee under a deed of trust, such as defendant Old Republic, plays a

12 limited role in the foreclosure process.  "The trustee under a deed of trust 'is not a true trustee, and

13 owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary

14 of the deed of trust. [The trustee's] only duties are: (1) upon default to undertake the steps

15 necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey

16 the deed of trust.'  [Citation omitted.]  Consistent with this view, California courts have refused to

17 impose duties on the trustee other than those imposed by statute or specified in the deed of trust."

18 *Heritage Oaks Partners v. First Am. Title Ins. Co*., 155 Cal. App. 4th 339, 345 (2007); *Vogan v.*

19 *Wells Fargo Bank, N.A*., 2:11-CV-02098-JAM, 2011 WL 5826016, at *4 (E.D. Cal. Nov. 17,

20 2011).

21        Plaintiff sues Old Republic for rescission of the loan pursuant to the Truth in Lending Act

22 ("TILA").  However, plaintiff cannot seek a TILA claim against Old Republic as it is not (and

23 never was) a creditor to plaintiff.  Moreover, all of the claims against Old Republic fail as a matter

24 of law.

25        As plaintiff has failed to state any claim against Old Republic, the motion to dismiss the

26 FAC should be granted without leave to amend.

27

28

1  II.    **STATEMENT OF FACTS**

2          On or about December 10, 2004, Plaintiff Kimberly Cox entered into the subject loan to

3  refinance her property.  Pursuant to the note evidencing the loan, Plaintiff promised to pay

4  $544,000.00 to the lender, American's Wholesale Lender.  In order to secure the note, Plaintiff

5  took out a Deed of Trust against the real property commonly known as 131 Sutphen St., Santa

6  Cruz, CA  95060-1939 ("Property").  RJN Ex. A.  Pursuant to the deed of trust, the beneficiary

7  under the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS") as

8  nominee for lender America's Wholesale Lender and its successors and assigns.   Pursuant to the

9  Deed of Trust, CTC Real Estate Services was the original trustee.  *Id.*  The Deed of Trust

10  specifically granted MERS, as nominee for lender and its successor and assigns, the right to

11  foreclose and sell the Property.  *Id.*

12          On November 13, 2009, MERS, as Nominee for America's Wholesale Lender, executed a

13  Substitution of Trustee and Assignment of Deed of Trust.  RJN Ex. B.  This document substituted

14  defendant Recontrust Company as the new trustee on the Deed of Trust.  RJN Ex. B.  The

15  document also assigned the Deed of Trust to defendant The Bank of New York Mellon.  *Id.*  The

16  Substitution of Trustee and Assignment of Deed of Trust were recorded on December 7, 2009.  *Id.*

17          On December 10, 2014, Shellpoint, as the servicer for the Bank of New York Mellon,

18  substituted Old Republic as the trustee under the deed of trust.  RJN Ex. C.  On December 19,

19  2014, Old Republic recorded a Notice of Default.  RJN Ex. D.  On April 30, 2015, Old Republic

20  recorded a Notice of Trustee's Sale.  RJN Ex. E.

21  III.   **STANDARD OF REVIEW**

22          Federal Rule of Civil Procedure 12(b)(6) provides that a pleading may be challenged and

23  dismissed for failing to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

24  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or

25  fails to plead facts essential to state a cognizable legal theory.  *See Robertson v. Dean Witter*

26  *Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Conclusory allegations of law, unwarranted

27  deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss.  *See*

28

1  *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005); *Sprewell v. Golden State*

2  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

3        The complaint must do more than allege mere "labels and conclusions" or "a formulaic

4  recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A

5  pleading does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual

6  enhancement.'"  *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

7  (2007)).  Rather, it must give the defendant fair notice of the nature of the claim and the grounds

8  upon which it rests.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  In the absence of

9  such factual allegations, a district court must dismiss the pleading because "the tenet that a court

10  must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of

11  action's elements, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1940 (citing

12  *Twombly*, 550 U.S. at 555).

13        Facts subject to judicial notice may be considered on a motion to dismiss.  *See Mullis v.*

14  *United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  While the Court accepts as

15  true the well-pleaded facts of a complaint when deciding a motion to dismiss, the Court need not

16  accept as true a conclusory allegation that directly contradicts a judicially noticeable fact.  *See*,

17  *e.g.*, *Sprewell*, *supra*, 266 F.3d at 988; *Mullis*, 828 F.2d at 1388.

18  **IV.     ARGUMENT**

19       **A.     The First Claim For Alleged Violation Of 15 U.S.C. § 1635 And 12 C.F.R. §**

20             **226.23 Do Not Apply To Old Republic**

21        Through her first claim, plaintiffs seeks to rescind the subject loan under the Truth in

22  Lending Act and its accompanying regulations at 12 C.F.R. § 226.23.  Through these statutes and

23  regulations, a borrower may seek to rescind a loan against a creditor under certain circumstances.

24  A creditor is defined as "A person who regularly extends consumer credit that is subject to a

25  finance charge or is payable by written agreement in more than four installments (not including a

26  down payment), and to whom the obligation is initially payable, either on the face of the note or

27  contract, or by agreement when there is no note or contract."  12 C.F.R. § 226.2(a)(17).

28

The problem with this claim against Old Republic is that it is not alleged to be a creditor. The complaint alleges that Old Republic is the substituted trustee under a deed of trust (although plaintiff contends that Old Republic was not the proper trustee). *See* FAC, ¶¶ 8. Hence, this claim simply does not apply to Old Republic and the motion to dismiss should be granted without leave to amend.

Here, Old Republic was the properly substituted trustee under the deed of trust. Civil Code section 2934a specifically permits the substitution of trustees under a deed of trust. A trustee named in a recorded substitution of trustee is authorized to act as the trustee from the date the substitution of trustee is executed. *See* Cal. Civ. Code § 2934a(d). Once the substitution of trustee is recorded, the substitution of trustee "[s]hall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section." *See id.* "The nonjudicial foreclosure scheme enacted by the Legislature authorizes the "trustee, mortgagee, or beneficiary, *or any of their authorized agents* " to record a notice of default and election to sell upon the trustor-debtors default on the secured debt." *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 516 (2013), as modified (June 12, 2013) (emphasis in original).

On December 10, 2014, Shellpoint substituted the trustee on the Deed of Trust for the Property to Old Republic. Ex. C to RJN. Thereafter, Old Republic executed the notice of default and the subsequent notice of trustee sale. *See* Exs. D and E. to RJN. Hence, the substitution of trustee was proper and fully complied with Civil Code section 2934a.

As Old Republic was properly substituted as the trustee, the allegations to the contrary lack any factual support.

**B.   Plaintiffs' Second Claim For Fraud Fails Because It Is Not Sufficiently-Pleaded Against Old Republic**

The elements for fraud are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of the statement's falsity (scienter); (c) intent to defraud (i.e., to induce action in reliance on the misrepresentation); (d) justifiable reliance; and (e) resulting damage. *See, e.g., Flaxel v. Johnson*, 541 F.Supp.2d 1127, 1145 (S.D. Cal. 2008); *Johnson v. First*

1   *Fed. Bank of California*, 2008 WL 2705090, at *5 (N.D. Cal. 2008); *Lazar v. Superior Court*, 12

2   Cal.4th 631, 638 (1996).

3          Under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), "[i]n alleging fraud…, a party

4   must state with particularity the circumstances constituting fraud…." Rule 9(b) governs plaintiffs'

5   complaint even if it was filed in state court before the case was removed to federal court. *See, e.g.*,

6   *Lopez v. GMAC Mortgage Corp.*, 2007 WL 3232448, at *4 (N.D. Cal. 2007); *see also* Fed. R. Civ.

7   P. 81(c) ("These rules apply to a civil action after it is removed from a state court.").

8          To satisfy Rule 9(b)'s standard, the complaint must allege "particular facts going to the

9   circumstances of the fraud, including time, place, persons, statements made and an explanation of

10  how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL

11  3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7

12  (9th Cir. 1994) (en banc)); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

13  1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and

14  specific content of the false representations as well as the identities of the parties to the

15  misrepresentation.").

16         In a fraud action against a corporation, the complaint must "allege the names of the persons

17  who made the allegedly fraudulent representations, their authority to speak, to whom they spoke,

18  what they said or wrote, and when it was said or written." *Saldate v. Wilshire Credit Corp.*, 686

19  F.Supp.2d 1051, 1064 (E.D. Cal. 2010), quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2

20  Cal.App.4th 153, 157 (1991).

21         When suing multiple defendants for fraud, a plaintiff "must provide each and every

22  defendant with enough information to enable them 'to know what misrepresentations are

23  attributable to them and what fraudulent conduct they are charged with.' " *Pegasus Holdings v.*

24  *Veterinary Centers of America, Inc*., 38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998), quoting *In re*

25  *Worlds of Wonder Sec. Litig*., 694 F.Supp. 1427, 1433 (N.D. Cal. 1988). "Rule 9(b) does not allow

26  a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate

27  their allegations when suing more than one defendant ... and inform each defendant separately of

28

1   the allegations surrounding his alleged participation in the fraud.' "  *Swartz v. KPMG LLP*, 476

2   F.3d 756, 764-765 (9th Cir. 2007).

3        The fraud claims fail against Old Republic.  The fraud claims fails to offer any specific

4   facts that any authorized representative for Old Republic made any fraudulent statements to

5   plaintiff at any time.  The FAC is completely devoid of what was said, by whom, when it was said

6   and how it was communicated.  Moreover, the FAC fails to identify how plaintiff was harmed by

7   an alleged fraudulent conduct by Old Republic.  Accordingly, the motion to dismiss should be

8   granted.

9      **C.**    **The Third Claim For Alleged Violation Of The California And Federal Fair**

10                  **Debt Collection Practices Acts Fails Against Old Republic**

11        Plaintiff alleges violations of 15 U.S.C. § 1692 ("Section 1692") of the Federal Fair Debt

12   Collection Practices Act ("FDCPA") and of the California Rosenthal Fair Debt Collection

13   Practices Act.

14        Plaintiff makes conclusory allegations that Old Republic allegedly violated the federal

15   FDCPA by using unfair and unconscionable means to collect a debt.

16        The Rosenthal Fair Debt Collection Practices Act ("FDCPA") was enacted to prohibit debt

17   collectors from engaging in unfair or deceptive practices or acts in the collection of consumer

18   debts.  (Cal. Civ. Code § 1788.1(c).)  The term "debt" is defined as "money, property or their

19   equivalent which is due or owing or alleged to be due or owing from a natural person to another

20   person."  The term "debt collector" means "any person who, in the ordinary course of business,

21   regularly, on behalf of himself or herself or others, engages in debt collection."  The FDCPA

22   prohibits, among other things, the use of threats, physical force, an accusation that a debtor would

23   be criminally liable for a debt, false accusations or use of obscenities or profanity.  (Cal. Civ. Code

24   §§ 1788.10 to 1788.13.)

25        Both the federal and state FDCPA violations fail against Old Republic because, simply

26   stated, Old Republic is not a debt collector.  Plaintiff attempts to allege that Old Republic is a debt

27   collector, but aside from mere allegations, plaintiff has no facts that Old Republic did anything

28

1   other than act as a foreclosure trustee.  Hence, the FDCPA claim fails and the motion to dismiss

2   should be granted without leave to amend.

3   **D.    The Fourth Claim For Alleged Violation Of The Truth In Lending Act Fails**

4   **Because It Is Not Sufficiently-Pleaded**

5   Plaintiff alleges a violation of the Truth in Lending Act ("TILA") at 15 U.S.C. § 1641(g)

6   which provides that:

7   (1) In general
    In addition to other disclosures required by this subchapter, not later than

8   30 days after the date on which a mortgage loan is sold or otherwise
    transferred or assigned to a third party, the creditor that is the new owner or

9   assignee of the debt shall notify the borrower in writing of such transfer,
    including—

10

11   (A)    the identity, address, telephone number of the new creditor;
     (B)    the date of transfer;

12   (C)    how to reach an agent or party having authority to act on
     behalf of the new creditor;

13   (D)    the location of the place where transfer of ownership of the
     debt is recorded; and

14   (E)    any other relevant information regarding the new creditor.

15

16   (2) Definition
     As used in this subsection, the term "mortgage loan" means any consumer

17   credit transaction that is secured by the principal dwelling of a consumer.

18   As noted in this motion to dismiss, Old Republic is simply not alleged to be a creditor to

19   plaintiff.  Thus, this claim fails as a matter of law.

20   **E.    The Fifth Claim For Alleged Unfair Competition Fails Because Plaintiff Failed**

21   **To Allege Standing To Sue And The Claim Is Insufficiently-Pleaded**

22   Under California Business and Professions Code section 17200 ("Section 17200"), unfair

23   competition is defined as "any unlawful, unfair or fraudulent business act or practice" and "unfair,

24   deceptive, untrue or misleading advertising."  *See* Cal. Bus. & Prof. Code § 17200.  An act is

25   "unlawful" under Section 17200 if it violates an underlying state or federal statute or common law.

26   *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

27   An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the

28

1  policy or spirit of one of those laws because its effects are comparable to or the same as a violation

2  of the law." *Id*. at 187.  A practice is "fraudulent" if members of the public are likely to be

3  deceived.  *See Committee on Children's Television, Inc. v. Gen'l Foods Corp*., 35 Cal. 3d 197, 211

4  (1983).

5      A plaintiff alleging unfair business practices under Section 17200 must state with

6  reasonable particularity the facts supporting the statutory elements of the violation.  *See Silicon

7  Knights, Inc. v. Crystal Dynamics, Inc*., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (*quoting

8  Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993)).

9      An "unfair practices claim under section 17200 cannot be predicated on vicarious liability

10  because a defendant's liability must be based on his personal 'participation in the unlawful

11  practices' and 'unbridled control' over the *practices that are found to violate section 17200 or

12  17500.*"  *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960 (2002); *Morfin v. Accredited

13  Home Lenders, Inc*., 2010 WL 391838, at *7 (S.D. Cal. Jan. 26, 2010).  Thus, plaintiff cannot

14  simply lump all defendants together without identifying which defendant is responsible for her

15  alleged injuries.  *See Fortaleza v. PNC Fin. Services Group, Inc*., 642 F. Supp. 2d 1012, 1019-20

16  (N.D. Cal. 2009).

17      Further, to sufficiently allege a Section 17200 claim, plaintiff "must have suffered an

18  'injury in fact' and 'lost money or property as a result of such unfair competition.'"  *Hall v. Time

19  Inc*., 158 Cal. App. 4th 847, 849 (2008); *Ruiz v. Gap, Inc*., 540 F.Supp.2d 1121, 1127 (N.D. Cal.

20  2008).

21      Where the underlying claims are deficient, a Section 17200 claim must also fail.  *See Singh

22  v. Wells Fargo Bank, N.A*., 2009 WL 2365881, *5 (N.D. Cal. 2009) (dismissing a mortgage

23  borrower's claim under Section 17200 where that claim was derivative of a deficient fraud claim

24  that was also dismissed); *Hutson v. Am. Home Mortg. Servicing, Inc*., 2009 WL 3353312, *15-16

25  (N.D.Cal.2009) (dismissing a UCL claim predicated on other failed claims); *Beall v. Quality Loan

26  Serv. Corp*., 2011 WL 1044148, at *5 (S.D. Cal. Mar. 21, 2011) (same).

27

28

1      Further, a "practice" requires, at a minimum, ongoing conduct." *Mangini v. Aerojet-Gen.*

2  *Corp.*, 230 Cal. App. 3d 1125, 1156 (1991).  "Relief under section 17200 is unavailable to remedy

3  past misconduct."  Id.

4      Here, plaintiff's Section 17200 fails as a matter of law against Old Republic.  Plaintiff

5  lumps "defendants" together as violation the statute, but she fails to specifically identify the

6  conduct of each defendant and exactly what was committed.  As a matter of law, Old Republic

7  cannot be liable for the alleged conduct of the other defendants.  Further, the Property has not been

8  sold at foreclosure, so plaintiff cannot allege standing through the loss of money or property.

9      Accordingly, this claim fails as a matter of law against Old Republic.

10  **F.      The Sixth Cause Of Action For Slander of Title Is Not Sufficiently-Pleaded**

11  **Against Old Republic**

12      Slander of title is defined as "One who, without a privilege to do so, publishes matter

13  which is untrue and disparaging to another's property in land ... under such circumstances as

14  would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee

15  thereof might be determined thereby is liable for pecuniary loss resulting to the other from the

16  impairment of vendibility thus caused."  *Seeley v. Seymour*, 190 Cal. App. 3d 844, 857 (1987).

17  "[P]rotection from injury to the salability of property is the thrust of the tort."  *Id.* at 858.

18      "The elements of a cause of action for slander of title are "(1) a publication, (2) which is

19  without privilege or justification, (3) which is false, and (4) which causes direct and immediate

20  pecuniary loss."  *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal. App. 4th 656,

21  664 (2011), review denied (Feb. 15, 2012).  Importantly, a slander of title claim must be brought

22  by the owner of the property.  *See Slusher v. Buckley*, 174 Cal. App. 2d 324 (1959).

23      Civil Code section 47 provides that a "privileged publication or broadcast is one made:  (a)

24  In the proper discharge of an official duty ... or (b)(4) in the initiation or course of any other

25  proceeding authorized by law. . . ."  The statutorily required mailing, publication, and delivery of

26  non-judicial Civil Code section 2924 foreclosure notices fall under the Civil Code section 47(c)(1)

27  privilege.  *See* Civ. Code §2924(d)(1); *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008).

28  Civil Code section 47's privilege "bars all tort causes of action except malicious prosecution."

1   *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 960 (2007).  In particular, the privilege bars a

2   slander of title claim based on the recordation of the privileged document.  *See Albertson v.*

3   *Raboff*, 46 Cal. 2d 375, 378-81 (1956).

4          The slander of title claim fails against Old Republic.  Old Republic's conduct in recording

5   the Notice of Default and Notice of Trustee's Sale is privileged conduct.  Thus, there is absolutely

6   no basis for a slander of title claim against Old Republic and motion to dismiss should be granted

7   without leave to amend.

8          **G.       The Seventh Claim For Unjust Enrichment Fails As A Matter Of Law**

9          Unjust enrichment is not a separate cause of action.  "[T]here is no cause of action in

10  California for unjust enrichment.  'The phrase 'unjust enrichment' does not describe a theory of

11  recovery, but an effect:  the result of a failure to make restitution under circumstances where it is

12  equitable to do so.'  Unjust enrichment is 'a general principle, underlying various legal doctrines

13  and remedies,' rather than a remedy itself.  It is synonymous with restitution."  *McBride v.*

14  *Boughton*, 123 Cal. App. 4th 379, 387 (2004); *Melchior v. New Line Prods., Inc.,* 106 Cal. App.

15  4th 779, 793 (2003).  "[T]he 'mere fact that a person benefits another is not of itself sufficient to

16  require the other to make restitution therefor.'"  *Marina Tenants Assn. v. Deauville Marina*

17  *Development Co.,* 181 Cal. App. 3d 122, 134 (1986).

18         Further, "[a]s a matter of law, a quasi-contract action for unjust enrichment does not lie

19  where, as here, express binding agreements exist and define the parties' rights."  *California*

20  *Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001).

21  "When parties have an actual contract covering a subject, a court cannot—not even under the

22  guise of equity jurisprudence—substitute the court's own concepts of fairness regarding that

23  subject in place of the parties' own contract."  *Hedging Concepts, Inc. v. First Alliance Mortgage*

24  *Co.*, 41 Cal.App.4th 1410, 1419–1420 (1996).

25         Here, an unjust enrichment claim fails as a matter of law.  First, it is not an independent

26  cause of action.  And in any event, any mortgage payments were made under a loan agreement

27  between the plaintiff and the lender.  There are no facts to support that plaintiff made any

28

1  payments to Old Republic.  There is no basis for unjust enrichment and the motion to dismiss

2  should be granted without leave to amend.

**H.      The Eighth Cause Of Action For Cancellation Of Instruments Fails Because**
**Plaintiff Must Tender The Loan Proceeds To Rescind The Loan**

5      Civil Code section 3412 provides that: "A written instrument, in respect to which there is

6  reasonable apprehension that if left outstanding it may cause serious injury to a person against

7  whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be

8  delivered up or canceled."

9      Notes and deeds of trust may be cancelled, for example, where fraud makes the

10  instruments void or voidable.  *See Fleming v. Kagan*, 189 Cal. App. 2d 791, 796-97 (1961).  Here,

11  there is no alleged fraud in obtaining the loan and, hence, no basis for canceling the loan.  Further,

12  "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity,

13  as a condition to his obtaining relief, by restoring to the defendant everything of value which the

14  plaintiff has received in the transaction."  *Id.* at 796.  California Civil Code section 1688 provides

15  that "a contract is extinguished by its rescission."  In order to rescind a contract, the rescinding

16  party must restore all consideration to the other party that was received under the contract.  See

17  Civ. Code § 1691(b); *Runyan v. Pacific Air Industries*, 2 Cal. 3d 304, 311-313 (1970).

18      Plaintiff seeks to cancel the underlying loan and foreclosure documents.  Plaintiff bases the

19  cancellation claim on the alleged fraudulent loan and foreclosure documents.  If the cancellation is

20  based on fraud, then plaintiff must satisfy the heightened pleading requirements.  Plaintiff has

21  failed to do so and has failed to allege how the loan was fraudulent or how the foreclosure was

22  fraudulent.

**I.      The Ninth Claim For Quiet Title Fails Against Old Republic Because It Has**
**No Interest In The Property**

25      An action for quiet title is brought to establish a person's right to title as to adverse claims.

26  (Cal. Civ. Proc. Code § 760.020(a).)  A "claim" is defined as "[a] legal or equitable right, title,

27  estate, lien, or interest in property or cloud upon title."  (Cal. Civ. Proc. Code § 760.010(a).)  A

28  complaint for quiet title must be verified, include a legal description and property address and the

1   bases for plaintiff's claim to title.  (Cal. Civ. Proc. Code § 761.020(a)-(b).)  Further, the complaint

2   must also state the adverse claims to the title and a date on which a determination of title is sought.

3   (Cal. Civ. Proc. Code § 761.020(c)-(d).)

4         "It is settled in California that a mortgagor cannot quiet his title against the mortgagee

5   without paying the debt secured."  *Shimpones v. Stickney,* 219 Cal. 637, 649 (1934); *see Mix v.*

6   *Sodd,* 126 Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to

7   quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci,* 39 Cal.App.3d 475, 477

8   (1974) (a trustor is unable to quiet title "without discharging his debt").

9         Here, plaintiff cannot seek quiet title against Old Republic because it has no interest in the

10  Property.  Old Republic was only the foreclosure trustee which recorded foreclosure documents,

11  and never had a beneficial interest in the Property.

12        Plaintiff also must have paid off her loan obligation to seek quiet title.  Having failed to do

13  so, she cannot seek to quiet title on the Property until she has done so.

14  **V.       CONCLUSION**

15        Accordingly, Old Republic's motion to dismiss the FAC should be granted without leave

16  to amend.

17

18  DATED:  August 20, 2015              SEVERSON & WERSON
                                        A Professional Corporation
19

20

21                                      By:  _____/s/ *David M. Liu*_____
                                                    David M. Liu
22

23                                      Attorneys for Defendant
                                        OLD REPUBLIC DEFAULT MANAGEMENT
24                                      SERVICES, a Division of Old Republic National Title
                                        Insurance Company (erroneously sued as "Old Republic
25                                      National Title Insurance Company")

26

27

28

**PROOF OF SERVICE**
*Cox v. Old Republic Default Management Services, et al.*
**USDC Case No.: 15-CV-02253 BLF**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On August 20, 2015, I served true copies of the following document(s): **DEFENDANT OLD REPUBLIC DEFAULT MANAGEMENT SERVICES' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2015, at Irvine, California.

RYAN J. BROOKS

1

**SERVICE LIST**
*Cox v. Old Republic Default Management Services, et al.*
2
**USDC Case No.: 15-CV-02253 BLF**

| 3 | Ronald H. Freshman | Attorney for Plaintiff KIMBERLY COX |
| 4 | LAW OFFICES OF RONALD H. FRESHMAN | |
| | 3040 Skycrest Drive | Telephone:       858.756.8288 |
| 5 | Fallbrook, CA 92028 | Facsimile:       858.964.1728 |
| | | Email:            ronfreshman@gmail.com |

6

7   Thuy Ngoc Tran                                  Attorneys for Defendants NEW PENN
     YU MOHANDESI LLP                          FINANCIAL, LLC DBA SHELLPOINT
     633 West Fifth Street, Suite 2800          MORTGAGE SERVICING and THE BANK
8   Los Angeles, CA 90071                      OF NEW YORK MELLON

9                                                              Telephone:       213.377.5503
                                                                 Facsimile:       213.377.5501
10                                                            Email:            ttran@yumollp.com

11   MARK JOSEPH KENNEY                 Attorneys for Defendant MORTGAGE
       DAVID E. PINCH                               ELECTRONIC REGISTRATION SYSTEMS,
12   SEVERSON & WERSON                    INC.
       A Professional Corporation
13   One Embarcadero Center, Suite 2600   Telephone: (415) 398-3344
       San Francisco, California 94111          Facsimile: (415) 956-0439
14                                                            Email:            mjk@severson.com
                                                                                       dep@severson.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28