# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| KIMBERLY COX,<br><br>          Plaintiff,<br><br>    v.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, et al.,<br><br>          Defendants. | Case No.  15-cv-02253-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION RE CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF 90] |

Before the Court is Plaintiff's Administrative Motion to continue the parties' Rule 26 requirements and the Initial Case Management Conference ("CMC"), currently set for February 4, 2016. ECF 90. In addition, Plaintiff asks the Court to relieve the parties from automatic referral to the ADR Multi-Option Program. *Id.* No Defendant has opposed this Administrative Motion.

The timing of parties' Rule 26 requirements flows from the date of the Initial CMC. *See* Fed. R. Civ. Pro. 26(f)(1) (requiring parties to confer "at least 21 days before a scheduling conference is to be held"); Fed R. Civ. Pro. 26(a)(1)(c)("[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order"). Finding sufficient reason to continue the CMC, the Court GRANTS Plaintiff's request to continue the CMC and the Rule 26 requirements. The Court SETS the Initial Case Management Conference for April 7, 2016 at 11:00 AM.

On August 15, 2015, the Court issued an order referring this action to the ADR Unit for a telephone conference to assess this case's suitability for mediation or a settlement conference because it is foreclosure-related. ECF 47. *See also* Civ. L.R. 16-8; ADR L.R. 2-3. Plaintiff now moves the Court to relieve the parties from these obligations, arguing that the previous ADR conference was unfruitful and contending that future ones will be as well, but Plaintiff offers no

authority for granting such relief.[1] Plaintiff also notes that she "was unable to obtain a stipulation" for this request. In light of this district's policy "to assist parties involved in civil litigation to resolve their disputes in a just, timely and cost-effective manner," *see* Civ. L.R. 16-8(a), the Court DENIES Plaintiff's administrative motion for relief from referral to the ADR Multi-Option Program.

     **IT IS SO ORDERED.**

Dated: January 25, 2016

                                                     BETH LABSON FREEMAN
                                                     United States District Judge

United States District Court
Northern District of California

---

[1] Plaintiff states that this portion of her motion is "pursuant to Local Rule 3-3(c)," but that Rule, which governs the relation of a civil action that is dismiss and subsequently refiled, is irrelevant here.