**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KIMBERLY COX, | No. 16-16566 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02253-BLF |
| v. | |
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; NEW PENN FINANCIAL, LLC DBA SHELLPOINT MORTGAGE SERVICING; THE BANK OF NEW YORK MELLON CORPORATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS INC - CHL MORTGAGE PASS-THROUGH TRUST 2005-02; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 13, 2018[**]
San Francisco, California

Before:  SCHROEDER and WATFORD, Circuit Judges, and KORMAN,[***] District Judge.

Kimberly Cox defaulted on a loan that was secured by a deed on her home in Santa Cruz.  She filed for bankruptcy in 2010, and her debts were discharged in 2012.  Defendant creditors and lenders later recorded default notices against Cox's home and a notice of trustee sale.  Cox filed this lawsuit claiming the underlying home loan upon which she defaulted was either invalid or had been rescinded in 2007.

The district court concluded that Cox's unscheduled property-related claims became part of her bankruptcy estate, and dismissed Cox's complaint for lack of standing.  The district court also denied Cox's motion for default and her motion for sanctions.  Cox appeals.  We affirm.

When a debtor declares bankruptcy, the debtor's "legal or equitable interests" in his or her property becomes part of the bankruptcy estate, to be represented by the bankruptcy trustee.  *See* 11 U.S.C. § 541(a)(1); *see also Turner*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

*v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004).  Legal and equitable interests include "[c]auses of action."  *Turner*, 362 F.3d at 1226 (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986)).

Each of Cox's causes of action relates to her legal or equitable interest in her real property.  When Cox's bankruptcy petition was granted, her interest and all claims that derive from it became part of the bankruptcy estate.  *See Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982) (undisclosed property becomes part of the bankruptcy estate and a debtor cannot "withhold[] from his trustee all knowledge of certain property") (quoting *First Nat'l Bank v. Lasater*, 196 U.S. 115, 119 (1905)).  Only the bankruptcy trustee has standing to bring these claims. The district court correctly dismissed plaintiff's complaint with prejudice and granted judgment for defendants.

Because Cox lacked standing to sue, the district court lacked subject-matter jurisdiction over this lawsuit.  *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  Accordingly, the district court correctly denied Cox's motion for default.

Cox sought sanctions because two corporate defendants' names were spelled differently on certain filings ("Old Republic Default Management Services" instead of "Old Republic National Title Insurance"; and "BONY" instead of

"BONYMCorp").  This is not the abusive misconduct that Rule 11 was designed to prevent.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  The district court did not abuse its discretion when it denied Cox's motion for Rule 11 sanctions.

On appeal, Cox moves for additional sanctions.  Cox has not identified any sanctionable misconduct.  We therefore deny her motions for sanctions.

Cox also filed two requests for judicial notice.  Because neither request, if granted, would change our conclusions above, both requests are denied as moot.

### Conclusion

The judgment of the district court is AFFIRMED.  The district court's orders denying Cox's motions for default and sanctions are AFFIRMED.  Cox's pending motions for sanctions and for judicial notice are DENIED.